**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1869-24

NAGEL RICE, LLP,

     Plaintiff-Appellant,

v.

BLUME FORTE FRIED
ZERRES & MOLINARI,

     Defendant-Respondent.

_____

Argued March 18, 2026 – Decided July 6, 2026

Before Judges Smith and Jablonski.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-5282-24.

Bruce H. Nagel argued the cause for appellant (Nagel Rice, LLP, attorneys; Bruce H. Nagel, on the briefs).

Terrence J. Hull argued the cause for respondent (Blume Forte, attorneys; John E. Molinari and Terrence J. Hull, of counsel and on the brief).

PER CURIAM

Plaintiff, Nagel Rice, LLP, appeals from Law Division orders (1) granting summary judgment in favor of defendant, Blume, Forte, Fried, Zerres & Molinari, PC, dismissing all claims against defendant and (2) awarding attorney's fees to defendant based on plaintiff's alleged frivolous litigation. We affirm the motion judge's summary judgment determination but vacate the order granting fees for a frivolous litigation and remand for consideration of defendant's application for attorney's fees under Rule 1:4-8 and N.J.S.A. 2A:15-59.1 which govern frivolous litigation.

I.

In May 2018, defendant was retained by the parent of a deceased minor child in connection with the minor's death in a tragic school bus accident. A few months later, the parent terminated defendant's representation and hired plaintiff. Plaintiff filed the complaint, litigated the matter, and ultimately settled the lawsuit. After settlement was reached, defendant claimed it was entitled to counsel fees for the work it performed before plaintiff assumed the responsibility for the litigation. The parties agreed to submit their dispute to binding arbitration under the New Jersey Arbitration Act, N.J.S.A. 2A:23B-1 to -36 ("Act").

2

The arbitration hearing took place in May 2024. Defendant submitted a detailed log of the hours it devoted to the matter before plaintiff's involvement. According to it, seventy-five billable hours were spent on the matter. Defendant billed $750 per hour and alleged that was a reasonable rate to charge for the work performed. In a thorough ten-page written decision, the arbitrator outlined the relevant facts, the procedural history of the matter, and the applicable New Jersey law, and made legal conclusions to support his award of $56,250 to defendant.

Plaintiff sued to vacate the arbitration award and argued substantively that the arbitrator failed to comply with New Jersey law by awarding attorney's fees for non-legal tasks and accepting unsworn discussion instead of testimony, without making required findings regarding the attorneys' work, hours, and rates or the reasonableness of their time. Additionally, plaintiff alleged the arbitrator disregarded legal standards prohibiting recovery for publicity and senior attorney work that could have been performed by junior attorneys. In response, defendant sent plaintiff a notice of frivolous litigation, as required under <u>Rule</u> 1:4-8, demanding the complaint be dismissed with prejudice. It followed with a motion to dismiss the complaint under <u>Rule</u> 4:6-

2(e).  Plaintiff cross-moved to vacate the award.  The motion judge denied both applications.

Defendant answered and moved for summary judgment.  In a brief oral opinion, the motion judge reviewed the standards to vacate an arbitration award under N.J.S.A. 2A:23B-23(a) and concluded:

> There's no allegation here of corruption, fraud, or undue means.  There's no allegation here with regard to the partiality of the arbitrator.  There was . . . no refusal to postpone the hearing.  The arbitrator found within the four corners of what the arbitration agreement was for, which was to decide apparently a fee split between the parties.  There was an agreement to arbitrate.  And . . . no one has alleged that there were improper notices of the hearing.  Therefore, pursuant to the statute, there is no basis for the matter to continue.  And that being the case[,] the [c]ourt will grant the motion for summary judgment on behalf of the defendant.

In January 2025, defendant moved for fees and costs under the frivolous litigation rule and statute.  R. 1:4-8(b); N.J.S.A. 2A:15-59.1.  With neither oral argument nor a hearing and in a brief comment attached to the order granting defendant $40,581.56 for its fees and costs, the motion judge noted the "opposition raises the same issues that were argued at the [Rule] 4:6-2 [m]otion and [d]efendant's [m]otion for [s]ummary [j]udgment; this [c]ourt at

A-1869-24

both of those occasions noted the [p]laintiff's well-argued issues but was not convinced by the arguments."

Plaintiff appealed.

II.

Plaintiff first contends the motion court should have vacated the arbitration award because the arbitrator exceeded his authority by disregarding the parties' agreement and misapplying the pertinent New Jersey law. We disagree.

A.

Arbitration is a "favored means" of dispute resolution in New Jersey. Minkowitz v. Israeli, 433 N.J. Super. 111, 131 (App. Div. 2013) (quoting Hojnowski v. Vans Skate Park, 187 N.J. 323, 342 (2006)). "It is well settled that New Jersey's strong public policy favors settlement of disputes through arbitration." Ibid. "Arbitration can attain its goal of providing final, speedy[,] and inexpensive settlement of disputes only if judicial interference with the process is minimized; it is, after all, meant to be a substitute for and not a springboard for litigation." Fawzy v. Fawzy, 199 N.J. 456, 468 (2009) (quoting Barcon Assocs., Inc. v. Tri-County Asphalt Corp., 86 N.J. 179, 187 (1981)).

Appellate review of a trial court's confirmation of an arbitration award is narrow. See id. at 470. "Basically, arbitration awards may be vacated only for fraud, corruption, or similar wrongdoing on the part of the arbitrators. [They] can be corrected or modified only for very specifically defined mistakes . . . ." Tretina Printing, Inc., v. Fitzpatrick & Assocs., Inc., 135 N.J. 349, 358 (1994) (alteration in original) (quoting Perini Corp. v. Greate Bay Hotel & Casino, Inc., 129 N.J. 479, 548 (1992) (Wilentz, C.J., concurring)).

To ensure arbitration provides finality, "strict constraints on appellate review" exist. See Rappaport v. Pasternak, 260 N.J. 230, 248 (2025). To that end, the grounds to vacate an award are limited to the grounds provided for by the Act, particularly N.J.S.A. 2A:23B-28. Id. at 247-48. "An award may not be vacated [n]or modified simply because a court disagrees with the arbitrator's interpretation of the law or view of the facts; unless the statute's specific requirements for vacating or modifying an award are met, the award must be confirmed." Id. at 251 (citing N.J.S.A. 2A:23B-22). "[B]ecause of the strong judicial presumption in favor of the validity of an arbitral award, the party seeking to vacate it bears a heavy burden." Del Piano v. Merril Lynch, Pierce, Fenner & Smith Inc., 372 N.J. Super. 503, 510 (App. Div. 2004).

Under the Act, an arbitration award can be vacated only on the following grounds:

> [T]he [trial] court shall vacate an award made in the arbitration proceeding if:
>
> > (1)　the award was procured by corruption, fraud, or other undue means;
> >
> > (2)　the court finds evident partiality by an arbitrator; corruption by an arbitrator; or misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;
> >
> > (3)　an arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy, or otherwise conducted the hearing contrary to section 15 of this act, so as to substantially prejudice the rights of a party to the arbitration proceeding.
> >
> > (4)　an arbitrator exceeded the arbitrator's powers;
> >
> > (5)　there was no agreement to arbitrate . . . or
> >
> > (6)　the arbitration was conducted without proper notice of the initiation of an arbitration.
>
> [N.J.S.A. 2A:23B-23(a)].

B.

The gravamen of plaintiff's argument to overturn the arbitration award was that the award resulted from "undue means" and the arbitrator exceeded his powers. Both contentions lack merit.

"Undue means" in the arbitration context "ordinarily encompasses a situation in which the arbitrator has made an acknowledged mistake of fact or law or a mistake that is apparent on the face of the record. . . ." Borough of E. Rutherford v. E. Rutherford PBA Local 275, 213 N.J. 190, 203 (2013) (quoting State, Off. of Emp. Rels. v. Commc'ns Workers of Am., AFL-CIO, 154 N.J. 98, 111 (1998)). We must consider more than whether the arbitrator made a mistake. Minkowitz, 433 N.J. Super. at 150. Instead, we must determine whether the arbitrator "clearly intended to decide according to law, must have clearly mistaken the legal rule, and that mistake must appear on the face of the award. [T]he error, to be fatal, must result in a failure of intent or be so gross as to suggest fraud or misconduct." Id. at 151 (quoting Tretina Printing, Inc., 135 N.J. at 357 (internal citations omitted)). An arbitrator exceeds their powers if they "disregard[ ] the terms of the parties' agreement." Commc'ns Workers of Am., AFL-CIO, 154 N.J. at 111. "The scope of the arbitrator's authority depends on the terms and conditions contained within the agreement

8                                                              A-1869-24

between the parties and, properly, the arbitrator can neither disregard those terms nor rewrite the agreement for the parties." PBA Local 160 v. Twp. of N. Brunswick, 272 N.J. Super. 467, 474 (App. Div. 1994). Still, "[a]n arbitrator's award is not to be cast aside lightly. It is subject to being vacated only when it has been shown that a statutory basis justifies that action." Ciripompa, 228 N.J. at 11 (quoting Kearny PBA Local No. 21 v. Town of Kearny, 81 N.J. 208, 221 (1979)).

In light of our deferential standard of review of an arbitrator's action, we discern no basis to conclude the award was reached by undue means. The arbitrator properly convened the arbitral hearing. He considered the pre-hearing submissions and the testimony of the parties. In a detailed written submission, the arbitrator considered the submissions and made supported factual findings. The arbitrator specifically referred to the parameters of the arbitration, including the relaxation of the rules of evidence, and considered the parties' arguments in light of those guidelines. The arbitrator then evaluated the facts in light of the controlling law and rendered an award. We conclude the award resulted from strict adherence to both substance and procedure.

A-1869-24

Plaintiff also argues the arbitrator applied the incorrect law as to defendant's fee request because some of the fees sought were for work before plaintiff's filing of the complaint, and for fees for defendant's representatives attending a funeral and speaking with the press. This argument similarly lacks merit.

"An attorney hired on a contingent fee basis who is discharged or replaced before the matter is resolved is not entitled to recover fees based on the contingent fee agreement." Glick v. Barclays DeZoete Wedd, Inc., 300 N.J. Super. 299, 310 (App. Div. 1997). However, the trial court may, in its discretion, award fees "on a quantum meruit basis for the reasonable value of the services rendered." Ibid. Quantum meruit, a form of quasi-contract, permits recovery of as much as is deserved. Kopin v. Orange Prods., Inc., 297 N.J. Super. 353, 367 (App. Div. 1997).

Trial courts will consider these factors when determining the amount of a fee award: (1) "the length of time each of the firms spent on the case relative to the total amount of time expended to conclude the client's case;" (2) "[t]he quality of that representation;" (3) "the result of each firm's efforts;" (4) "the reason the client changed attorneys;" (5) the "[v]iability of the claim at transfer;" (6) and "[t]he amount of the recovery realized in the underlying

10

lawsuit." La Mantia v. Durst, 234 N.J. Super. 534, 540-41 (App. Div. 1989). We have emphasized that when a court deals with equitable principles "such as quantum meruit, hard and fast rules are difficult to apply, let alone construct." Id. at 539-40.

Since quantum meruit is based on the time devoted to a matter, defendant's time sheets are highly relevant. Although it was argued that these records were not generated by the original timekeeper, the arbitrator was satisfied—given the relaxed rules of evidence in arbitration—that defendant's attorney was more than qualified to determine the time the original attorney dedicated to the case. Regarding the argument that some of the work was non-legal and beyond the scope of a personal injury claim, the arbitrator found this issue to be complex due to the magnitude of the accident and the publicity attached to it. We conclude the arbitrator correctly assessed the work completed and properly awarded defendant fees to compensate it for that work.

## III.

We turn to the issue as to whether the trial court correctly awarded fees to defendant on the frivolous litigation claim. "Sanctions for frivolous litigation against a party are governed by the frivolous litigation statute, N.J.S.A. 2A:15-59.1." Wolosky v. Fredon Twp., 472 N.J. Super. 315, 327

11

(App. Div. 2022). "On the one hand, 'the statute serves a punitive purpose, seeking to deter frivolous litigation.'" Toll Bros. v. Twp. of W. Windsor, 190 N.J. 61, 67 (2007) (quoting Deutch & Shur, P.C. v. Roth, 284 N.J. Super. 133, 141 (Law Div. 1995)). "On the other hand, the statute serves a compensatory purpose, seeking to reimburse 'the party that has been victimized by the party bringing the frivolous litigation.'" Ibid. (quoting Deutch & Shur, P.C., 284 N.J. Super. at 141).

Rule 1:4-8 authorizes sanctions against attorneys and self-represented parties for frivolous litigation. The Rule supplements N.J.S.A. 2A:15-59.1, which permits the trial court to award to a prevailing party in a civil action "all reasonable litigation costs and reasonable attorney fees, if the judges find at any time during the proceedings or upon judgment that a complaint, counterclaim, crossclaim or defense or the non[-]prevailing person was frivolous." N.J.S.A. 2A:15-59.1(a)(1).

"'[T]he term frivolous should be given a restrictive interpretation' to avoid limiting access to the court system." First Atl. Fed. Credit Union v. Perez, 391 N.J. Super. 419, 433 (App. Div. 2007) (quoting McKeown-Brand v. Trump Castle Hotel & Casino, 132 N.J. 546, 561-62 (1993)) (internal quotation marks omitted). To conclude a pleading is frivolous, a motion court

must determine the filing was made "in bad faith solely for the purpose of harassment, delay or malicious injury; or [t]he non[-]prevailing party knew, or should have known, that the [filing] was without any reasonable basis in law or equity." N.J.S.A. 2A:15-59.1(b)(1) and (2). Similarly, "'[f]or purposes of imposing sanctions under Rule 1:4-8, an assertion is deemed frivolous when no rational argument can be advanced in its support, or it is not supported by any credible evidence, or it is completely untenable.'" Bove v. AkPharma, Inc., 460 N.J. Super. 123, 148 (App. Div. 2019) (quoting United Hearts, L.L.C. v. Zahabian, 407 N.J. Super. 379, 389 (2009) (internal quotations omitted)).

"Sanctions are not to be issued lightly; they are reserved for particular instances where a party's pleading is found to be 'completely untenable,' or where 'no rational argument can be advanced in its support.'" McDaniel v. Man Wai Lee, 419 N.J. Super. 482, 499 (App. Div. 2011) (quoting Zahabian, 407 N.J. Super. at 389); see also Bove, 460 N.J. Super. at 148 (noting sanctions under Rule 1:4-8 and N.J.S.A. 2A:15-59.1 are awarded only in exceptional cases). "Simply because 'some of the allegations made at the outset of litigation later prove[] to be unfounded does not render [the complaint] frivolous[.]'" Ibid. (second and third alterations in original) (quoting Iannone v. McHale, 245 N.J Super. 17, 32 (App. Div. 1999)).

13

"When the [non-prevailing party's] conduct bespeaks an honest attempt to press a perceived[,] though ill-founded and perhaps misguided, claim, he or she should not be found to have acted in bad faith." Bove, 460 N.J. Super. at 151 (alteration in original) (quoting Belfer v. Merling, 322 N.J. Super. 124, 144-45 (App. Div. 1999)); see also First Atl. Fed. Credit Union, 391 N.J. Super. at 432 ("Where a party has reasonable and good faith belief in the merit of the cause, attorney's fees will not be awarded."); K.D. v. Bozarth, 313 N.J. Super. 561, 574-75 (App. Div. 1998) (declining to award attorney's fees as sanctions under Rule 1:4-8 where there was no showing the attorney acted in bad faith).

"'[T]he burden of proving that the non-prevailing party acted in bad faith' is on the party who seeks fees and costs pursuant to N.J.S.A. 2A:15-59.1." Ferolito v. Park Hill Ass'n, 408 N.J. Super. 401, 408 (App. Div. 2009) (alteration in original) (quoting McKeown-Brand, 132 N.J. at 559.) When a prevailing party's allegation is based on an assertion that the non-prevailing party's claim lacked "a reasonable basis in law or equity," and the non-prevailing party is represented by an attorney, "an award cannot be sustained if the '[non-prevailing party] did not act in bad faith in asserting' or pursuing the claim." Ibid. (quoting McKeown-Brand, 132 N.J. at 549).

A-1869-24

Rule 1:7-4(a) requires trial judges to make specific findings of fact and conclusions of law, either in writing or orally, on all motions decided by written orders appealable as of right. Curtis v. Finneran, 83 N.J. 563, 569-70 (1980); Foley, Inc. v. Fevco, Inc., 379 N.J. Super. 574, 589 (App. Div. 2005). The trial judge made no findings and stated no conclusions for granting the frivolous litigation sanctions in favor of defendant. Because we cannot evaluate whether the trial judge's exercised discretion was "premised upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amount[ed] to a clear error in judgment," we are constrained to vacate the order denying frivolous litigation sanctions. Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005).

We remand for the trial court to make explicit findings of fact and conclusions of law as to this point. See R.M. v. Supreme Court of N.J., 190 N.J. 1, 12-13 (2007) (vacating and remanding a counsel fee award where the judge failed to explain how or why he arrived at the award); City of Englewood v. Exxon Mobile Corp., 406 N.J. Super. 110, 125-26 (App. Div. 2009) (vacating and remanding an attorney's fee award where the record was devoid of analysis of relevant considerations outlined in Rule of Professional Conduct, 1.5(a) or explanation for the fee award).

A-1869-24

On remand, the trial judge must consider the submissions and identify whether defendant demonstrated the presence of actionable conduct and then evaluate plaintiff's claimed defense to these charges. See First Atl. Federal Credit Union, 391 N.J. Super. at 432 ("Where a party has reasonable and good faith belief in the merit of the cause, attorney's fees will not be awarded.") (citations omitted). If sanctions are shown to be appropriate, the trial judge must fully explain the basis for imposing sanctions along with who is responsible and why. N.J.S.A. 2A:15-59.1(b); R. 1:4-8(d).

Affirmed in part, vacated in part and remanded for proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hinley

Clerk of the Appellate Division

A-1869-24